UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DINO VICTOR CLAY,

          Plaintiff,

     v.

KEVIN M. CARTER, *et al.*,

          Defendants.

_____

                                            21-CV-782-LJV
                                            ORDER

       On July 6, 2021, the *pro se* plaintiff, Dino Victor Clay ("Clay"), filed a complaint asserting various claims arising out of a child custody dispute, Docket Item 1, and moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 2.  On August 2, 2021, this Court granted Clay's motion to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915(e)(2).  Docket Item 3.

       In that screening order, this Court dismissed several of Clay's claims and found that his other claims were subject to dismissal.  *Id.*  Nevertheless, in light of Clay's *pro se* status, the Court allowed him to amend several claims to correct deficiencies that the Court explained; more specifically, the Court gave Clay leave to amend his state-law defamation claims against all defendants; his section 1985 claims and section 1986 claims against defendants Nahkema Shashawn Clay ("Nahkema"), Ayoka Tucker, Kathleen Billanci, and Byron Lockwood; and his section 1983 claim against Lockwood. *Id.*  On September 16, 2021, Clay filed an amended complaint, Docket Item 4, which the Court now screens under section 1915(e)(2).

The claims and allegations in the amended complaint are identical to those in the original complaint except for one small difference:  the amended complaint names the Buffalo Police Department in place of defendant Lockwood.  *Compare* Docket Item 4 at 1 (amended complaint), *with* Docket Item 1 at 1 (original complaint).  But the amended complaint makes no allegations against the Buffalo Police Department.  What is more, "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002).  A municipal police department is considered an administrative arm of a municipality and therefore "is not subject to suit." *See Martinez v. Queens Cty. Dist. Atty.*, 2014 WL 1011054, at *16 (E.D.N.Y. Mar. 17, 2014); *see also Kearse v. Kulikowski*, 2019 WL 3252916, at *2 (W.D.N.Y. Jul. 19, 2019).  Both because Clay has not made any allegations against the Buffalo Police Department and because Clay cannot sue the Buffalo Police Department, his claims against the Buffalo Police Department are dismissed under section 1915(e)(2).

The remainder of Clay's claims also are dismissed.  The amended complaint does not cure any of the deficiencies noted in this Court's prior order.  Except for replacing defendant Lockwood with the Buffalo Police Department, the amended complaint appears to be the same as the original complaint.[1]  In fact, page four of the amended complaint—the only page that includes claims and factual allegations—appears to be a copy of page five in the original complaint.  *Compare* Docket Item 4 at

---

[1] The amended complaint includes some additional attachments, *see* Docket Item 4 at 36-48, but no additional factual allegations or anything else that could salvage Clay's claims.

4, *with* Docket Item 1 at 5.  Therefore, for the same reasons that this Court gave in its prior order, *see* Docket Item 3 at 6-9, 12-13, Clay's state-law defamation claims against all defendants and his section 1985 claims and section 1986 claims against Nahkema, Tucker, and Billanci are insufficiently pleaded and dismissed under section 1915(e)(2).[2]

For all those reasons, Clay's amended complaint, Docket Item 4, is DISMISSED; and the Clerk of the Court shall close the file.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Clay must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

[2]  These claims were Clay's only remaining claims.  This Court previously dismissed with prejudice Clay's section 1995 claim against Nahkema; his section 4101 claims, parental kidnapping claims, and 1988 claims against all defendants; his section 1985 claims and section 1986 claims against defendants Kevin M. Carter and Christopher Brechtel; and his section 1983 claims against Carter, Brechtel, Nahkema, Tucker, and Billanci.  Docket Item 3 at 13.  The amended complaint does not name Lockwood as a defendant, *see* Docket Item 4, and Clay's claims against the Buffalo Police Department are dismissed for the reasons stated above, *see supra*.

SO ORDERED.


Dated:   September 21, 2021
          Buffalo, New York


                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE